J. F. Smith and Henry H. Antrim, Trustees of the Last Will and Testament of Daniel C. Stover, Deceased, v. Porter S. Stover et al.

W. A. Hance et al., Defendants in Error, v. Margaret Winger et al., Plaintiffs in Error.

**Gen. No. 8,324.**

Opinion filed September 4, 1931.

WILLIAM S. WILSON and STANLEY M. VANCE, for plaintiffs in error.

OSCAR R. ZIPF and R. R. TIFFANY, for defendants in error W. A. Hance, Ethel S. Altemeier and M. B. Antrim.

HALL, BAKER & HALL, for defendants in error Gladys Stover Lyon, Margaret Stover Foster, Stover C. Winger and Clare Winger Harris.

CHARLES H. GREEN, guardian *ad litem* for William Parker Lyon (the third), Barbara Louise Lyon and Murray Foster, Jr.

ROBERT R. MITCHELL, guardian *ad litem* for Margaret Winger, Clyde Harris, Donald Harris and Lynn Thackery Harris.

MR. JUSTICE WOLFE delivered the opinion of the court.

W. A. Hance, Ethel S. Altemeier, and M. B. Antrim filed a petition in the circuit court of Stephenson county asking that the compensation for their services as trustees under the last will and testament of Daniel C. Stover, deceased, be fixed at a reasonable sum to be determined by the court. The petition set

forth that Daniel C. Stover in his lifetime made his last will and testament leaving his estate in trust and appointing trustees to administer the same; that by a provision of the will the trustees were to each receive as compensation for their services the sum of $1,200 per year.

The petition further states that Daniel C. Stover died during the year 1908; that the estate has been fully administered, and that the trustees have had charge of the estate and managed it since the death of the testator; that at the time of the death of Daniel C. Stover, the estate amounted to approximately $600,000; that at the present time the estate has a value of approximately $2,225,000; that the amount of work to care for the estate has greatly increased; that a great part of the assets of the estate is invested in farm mortgages and the trustees have been compelled to take over quite a large number of farms to save the mortgaged debt; that in their opinion $1,200 a year for each of the trustees is inadequate compensation, and the court should fix a higher rate for each of the trustees. A hearing was had on the petition; the court found that $1,200 for the services of each of the trustees was inadequate and fixed the amount at $4,000 each as a reasonable amount.

The case came to this court on a writ of error. It is first contended that the court erred in fixing the compensation for the trustees for the reason that the will of Daniel C. Stover, deceased, expressly provides, "It is my will that my said executors and trustees shall receive in full compensation for settling my said estate, six per cent upon the value of my personal estate, the same to be divided among them equally, and that they shall also receive each the sum of $1,200 per year, commencing 18 months after my decease, for their services as trustees in carrying out the trusts hereby imposed upon them." That the amount as fixed by the testator in the will is binding upon the

court and the trustees, and the court had no jurisdiction to change the amount as fixed by the testator.

The law is well settled in this State that the courts cannot put themselves in the place of the testator, and have no right to change the compensation fixed by the testator, except in case of an exigency, or an emergency. Such exigency or emergency must be of such a nature and character which threatens a proper administration of the trust, or endangers a full and complete carrying out of the testator's intention. If such an exigency or emergency is shown to exist, then the law is otherwise, and the court has authority to see that the will of the testator is properly carried out. *Gavin v. Curtin*, 171 Ill. 640; *Hale v. Hale*, 146 Ill. 227.

In this case no such situation is shown to exist. The trustees complain that they don't receive adequate compensation for the work required of them to properly administer the trust. The evidence does not show that the trust could not be fully administered by these trustees, or others qualified who would be willing to accept the duties imposed upon them for the compensation as fixed by the testator. Unless such a showing is made a court would not be justified in fixing a greater compensation than provided for in the will.

The evidence shows that the estate is now worth approximately two and one-fourth million dollars; that the gross income from the estate for the year 1928 was $97,143. The record does not disclose how the estate was increased in value, whether by an advance in the value of lands or by investments. What the taxes on the estate for that year were does not appear. The taxes, insurance, secretarial work, clerk's hire, office expenses, traveling expenses and cost of administering the estate, deducted from the gross income would not leave a great amount of net profit to be distributed to testator's beneficiaries.

It is the duty of the courts to protect the beneficiaries in all trust estates. In this case the record

does not show any exigency which would warrant the court in fixing the allowance of the trustees at a larger sum than was provided for in the testator's will. If an exigency really exists the case can then be presented to the court by competent evidence, and it would then be the duty of the court to take such action to see that the beneficiaries got the greatest amount of advantage under the provision of the will which can be given them consistent with the proper management of the trust estate. If it shall appear that the estate is handicapped or cannot be properly managed because of a provision of the will in respect to the compensation of the trustees, then the court has authority to remedy the situation; but there is no justification for the allowance of an additional compensation to the trustees because they are dissatisfied and demand more pay.

The evidence in this case is not sufficient to justify the court in changing the compensation. The judgment of the circuit court of Stephenson county is hereby reversed and case remanded.

*Reversed and remanded.*